UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS,<br><br>          Petitioner<br><br>v.<br><br>RALPH DIAZ, Secretary, California Department of Corrections & Rehabilitation,<br><br>          Respondent. | Case No.: 19CV1632-H (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

  This Report and Recommendation is submitted to United States District Judge Marilyn L. Huff pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On August 29, 2019, Petitioner Bruce Thomas, proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing his Petition. ECF No. 1 ("Pet."). That same day, the Court issued an Order Requiring Response. ECF No. 2. On October 29, 2019, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus and a Notice of Lodgment. ECF Nos. 4 and 5 ("MTD"). Petitioner filed an opposition to the motion to dismiss and a Notice of Lodgment on November 4, 2019. ECF Nos. 6 ("Oppo.") and 7. On November 8, 2019, the Court ordered Respondent to reply to Petitioner's opposition on or before November 22, 2019. ECF No. 8. In accordance with the Court's order, Respondent filed a reply on November 22, 2019. ECF No. 9 ("Reply").

On November 25, 2019, Petitioner submitted a Surreply that was accepted on discrepancy by the Court on December 2, 2019. ECF Nos. 10-11 ("Surreply). Petitioner challenges a condition of his probation stemming from his conviction for resisting arrest in 2014. Pet.

For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss for lack of exhaustion be **DENIED**.

## **FACTUAL BACKGROUND**

Petitioner's mother, Ms. Thomas, lives in a duplex that shares a common wall with Ms. Weiss. Lodgment 1 at 3. The two women were close friends for more than twenty years until Petitioner and his wife moved into his mother's home in 2013. Id. That same year, Ms. Weiss obtained a civil restraining order to protect herself from Petitioner and Petitioner was ordered to stay two yards away from Ms. Weiss, her daughter, and her property. Id. Petitioner was arrested for violating the restraining order and resisting arrest in 2014. Id. Petitioner was found guilty of resisting arrest (a misdemeanor), but not guilty of violating the restraining order. Id.; see also MTD at 4. As a condition of his probation, Petitioner was ordered to stay two yards away from Ms. Weiss and her daughter. Lodgment 1 at 3. Petitioner blamed Ms. Weiss and her daughter for his arrest and the problems between them continued to escalate. Id. On September 1, 2016, Petitioner entered Ms. Weiss' property and yelled at her daughter for moving a potted plant to the side of her home. Id. at 2. This violation of Petitioner's condition of probation was recorded by Ms. Weiss' surveillance cameras. Id.

## **SCOPE OF REVIEW**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

///

## LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotation marks and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert [] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32. Where none of a petitioner's claims have been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

## DISCUSSION

Respondent contends that the Petition should be dismissed because it is unexhausted. MTD at 5. In his motion, Respondent argues lack of exhaustion because Petitioner failed to file a direct appeal in the California Supreme Court. Id. In his reply, Respondent acknowledges that California law prevented Petitioner from filing for review by the California Supreme Court, but asserts the claims are still unexhausted because Petitioner failed to file a habeas petition in the California Supreme Court. Reply at 1-2. Respondent does not provide any relevant law or legal analysis to support his assertion. Id.

On June 20, 2017, Petitioner was convicted of violating Penal Code § 166(a)(4) for violating the 2014 condition of probation that required him to remain two yards away from Ms. Weiss and her daughter. Lodgment 1 at 2; see also Oppo. at 1. On June 22, 2017, Petitioner was sentenced, and his condition of probation was modified to require Petitioner to stay 100 yards away from Ms. Weiss and her daughter. Lodgment 1 at 2.

Petitioner appealed the judgment in the Appellate Division of the Superior Court of the State of California where his appointed counsel filed a Wende brief and Petitioner filed a supplemental brief alleging that the 100 yard stay away order was unconstitutional because "it impinged upon his constitutional rights, including but not limited to his property rights and his freedom of association with his mother." Id. at 2-3. On August 16, 2017, while his appeal was pending, Petitioner filed a motion to modify his probation to reduce the stay away order from 100 yards to two yards. Id. at 4. The trial court denied the motion on September 22, 2017. Id. On September 17, 2018, Petitioner filed a second motion to modify the conditions of his probation and the 100 yard stay away order. Id. at 3. The motion was heard and denied on October 12, 2018. Id. at 5. Plaintiff filed a second appeal in the Appellate Division of the Superior Court of the State of California challenging the October 12, 2018 denial of his motion to modify his 100 yard stay away condition of probation. Id. at 2-5. On May 7, 2019, the Appellate Division found "no error with the trial court's ruling" and affirmed the denial of Petitioner's motion to modify the condition of probation. Id. at 6.

On July 25, 2019, Petitioner petitioned the California Court of Appeal to transfer his matter to that court. Lodgment 2. The petition was denied. Lodgment 3. Petitioner attempted to file a petition for review in the California Supreme Court but was unable to do so. ECF No. 7 at 2 (Petitioner's Lodgment – August 13, 2019 letter to Petitioner from the California Supreme Court).

On August 29, 2019, Petitioner filed a federal habeas petition in this Court. Pet. He raises one claim – that the condition of his probation requiring him to say at least 100 yards away from his neighbor is unconstitutional - based on four separate grounds[1]: (1) Petitioner is

---

[1] Petitioner notes that "Respondent's dismissal memorandum pleads that I have raised four

being denied the right to "peacefully assemble in his house and be secure," (2) Petitioner is being deprived of liberty and property without due process of law, (3) Petitioner is being deprived of the liberty to travel without due process of law, and (4) the probation condition violates the rights and immunities of Petitioner, a citizen of the United States. Id. at 1-10.

Respondent contends that because Petitioner did not identify the specific issue he wanted reviewed in his petition before the California Court of Appeal and because he did not raise any claims in the California Supreme Court, his petition is unexhausted and must be dismissed. MTD at 5. Petitioner argues that he did identify the issues he wanted reviewed in his petition before the California Court of Appeal and that he has fully exhausted his petition because he attempted to file a petition for review before the California Supreme Court, but was unable to do so under California Rule of Court 8.500(a). Oppo. at 3-4. Respondent replies that while Petitioner was limited in his ability to directly appeal his claim, he is "free to file state habeas petitions raising his claim in the appellate courts." Reply at 2. Specifically, Petitioner is free to file a state habeas petition directly in the California Court of Appeal or the California Supreme Court. Id.

As an initial matter, Petitioner did identify the issues he wanted reviewed in his transfer petition before the California Court of Appeal. Lodgment 2 at 7. Petitioner challenged the use of the appellate record from his prior case to decide the second case and the court's alleged "failure to apply the Constitutional law from [Petitioner's appellate brief] to the issues from his October 12, 2018 hearing." Id. The October 12, 2018 hearing addressed Petitioner's motion to modify his conditions of probation. Lodgment 1 at 4.

With regards to exhaustion, Petitioner acknowledges that he has not presented his claim to the California Supreme Court via a habeas corpus petition or a petition for review. Oppo. at 3. While this would normally mean that Petitioner's claim is unexhausted, that is not the case where, as here, the California Rules of Court procedurally bar Petitioner from presenting his claim to the California Supreme Court. California Rule of Court 8.500(a)(1) states that

---

claims which are restatements of the same claim when in fact I raised one claim based on 4 separate grounds." Oppo. at 3.

> (a) Right to file a petition, answer, or reply
>
> (1) A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, except the denial of a transfer of a case within the appellate jurisdiction of the superior court.

Cal. Rules of Court, 8.500. Here, Petitioner filed the requisite petition for certification for transfer to the court of appeal [see Lodgment 2] but the request was denied [see Lodgment 3]. Because the Court of Appeal denied Petitioner's request to transfer Petitioner's case which at the time was in the appellate jurisdiction of the Superior Court, Petitioner was prohibited from filing a petition for review in the California Supreme Court. Because of this prohibition, Petitioner's claims must be deemed exhausted. See McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (finding that "going forward exhaustion and finality for misdemeanors will largely coincide at the California Court of Appeal. When the Court of Appeal denies transfer, the petitioner will have exhausted his state court remedies"); see also Lull v. California, 2018 WL 3388593, at *1 (E.D. Cal., July 12, 2018) (granting Respondent's motion to dismiss for failure to exhaust where petitioner failed to request certification to transfer his case to the California Court of Appeal but noting that where a misdemeanant requests certification of his case for transfer and the request is denied, "then the misdemeanant has fully exhausted") (citing McMonagle, 802 F.3d at 1096, 1099).

In his reply, Respondent argues that even if Petitioner was unable to present his claim to the California Supreme Court on direct appeal, he should have exhausted his claim by filing a state habeas petition in the California Court of Appeal or the California Supreme Court. Reply at 2. Respondent states that Petitioner "is not precluded in any way from exhausting his claim in the California Supreme Court." Id. Respondent does not provide any law to support this claim. Id.

In 2014, a judge in this district addressed a similar situation and found that the claim was exhausted. Hicker v. San Diego Superior Court, 2014 WL 4244065, at *5 (S.D. Cal., Aug. 26, 2014). The petitioner in Hicker was found guilty of driving with a blood alcohol level in excess of .08 with a prior Vehicle Code violation, a misdemeanor. Id. at *3. The petitioner in Hicker

challenged his conviction claiming that the testimony from the blood sample analyst should not have been admitted into evidence. Id. Initially, petitioner appealed his conviction to the Appellate Division of the San Diego Superior Court. Id. at *4. The Appellate Division affirmed the finding and denied petitioner's application for transfer of the matter to the California Court of Appeal. Id. Petitioner then filed a petition for transfer in the California Court of Appeal, Fourth Appellate District Division One which was denied. Id. Finally, petitioner filed a Petition for Writ of Certiori in the United States Supreme Court which also was denied. Id. The petitioner did not file a writ of habeas corpus in the California Supreme Court. Id. The petitioner then filed a federal habeas petition in district court and the respondent filed a motion to dismiss for failure to exhaust. Id. at *1. Respondent argued in part that petitioner should have presented his claim to the California Supreme Court by filing a habeas petition. Id. at *6. The magistrate judge rejected that argument finding that in light of the Waltreus[2] rule, which states that "[i]n the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus[,]" the petitioner was barred "from pursuing his claim by habeas petition to California's highest court[,]" and petitioner's claims were "effectively exhausted." Id. at 7. The district judge adopted the magistrate judge's reasoning and denied respondent's motion to dismiss. Id. at *2. The Ninth Circuit reached the same conclusion in a case addressing the timeliness of a federal habeas petition challenging a misdemeanor conviction, stating that "California misdemeanants [] should not be required to file a habeas petition before the state Supreme Court in order to exhaust state court remedies for claims already considered and rejected on direct review." McMonagle, 802 F.3d at 1099[3]

---

[2] In Re Waltreus, 62 Cal. 2d 218 (Cal. 1965).

[3] In reaching its decision, the court in McMonagle observed that "[a]lthough review by a state's highest court may still be 'available' for exhaustion purposes even when it is discouraged or subject to discretionary acceptance, the key question is whether the type of review at issue forms part of the state's 'ordinary appellate review procedure.' And for challenges to misdemeanor convictions not heard on the merits by the Court of Appeal, review by the California Supreme Court falls decidedly outside of the state's ordinary appellate review." McMonagle, 802 F.3d at 1099 (internal citations omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 847-848 (1999)).

1 (overruling Larch v. Simons, 53 F.3d 1068, 1071–72 (9th Cir. 1995))[4].

Here, as in Hicker, Petitioner was convicted of a misdemeanor, appealed the conviction to the appellate division of the Superior Court, had his petition for transfer to the California Court of Appeal denied, and filed a federal habeas petition without filing a habeas petition in the California Supreme Court. Petitioner asserted the same claims (challenging the constitutionality of the 100 yard stay away condition of probation) in all of his pleadings (appeal to the appellate division, petition for transfer, and federal petition). Accordingly, Petitioner's claims are exhausted. See McMonagle, 802 F.3d at 1099; see also Lull, 2018 WL 3388593, at *1; Hicker, 2014 WL 4244065, at *5. The Court **RECOMMENDS** that Respondent's motion be **DENIED**.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation and (2) directing that Judgment be entered **DENYING** Respondent's Motion to Dismiss without prejudice.

**IT IS ORDERED** that no later than **January 17, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 31, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 12/27/2019

Hon. Barbara L. Major
United States Magistrate Judge

---

[4] Larch predated the AEDPA and held that "before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions." 53 F.3d at 1071–72.